**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Teamcare Infusion Orlando, Inc.,

Plaintiff,

v.

Humana Health Plans of Puerto
Rico, Inc., et al.,

Defendants.

Civil No. 14-1741 (DRD)

**OPINION AND ORDER**

**I.      INTRODUCTION**

On October 1, 2014, Plaintiff Teamcare Infusion Orlando, Inc.
("Plaintiff") filed a breach of contract action (Docket No. 1)
against Humana Health Plans of Puerto Rico, Inc. ("Humana Health),
Humana Insurance of Puerto Rico, Inc. ("Humana Insurance"), and
Medicare and Medicaid Advantage Products Association of Puerto
Rico, Inc. Plaintiff claims to have entered into an "Ancillary
Services Provider Agreement" ("Agreement") with Defendants Humana
Health and Humana Insurance (collectively, "Defendants") in 2008,
wherein Plaintiff would supply pharmaceutical goods and services to
Defendants' enrolled insured members in Puerto Rico.  The Agreement
was allegedly breached by Defendants when they failed to compensate
Plaintiff to the tune of $130,814.97, plus interest, for services
rendered by Plaintiff to Defendants' insured between October 2009
and July 2010.

1

On November 20, 2014, Plaintiff voluntarily dismissed all claims against Medicare and Medicaid Advantage Products Association of Puerto Rico, Inc. without prejudice. *See* Dockets No. 22 and 23.

On December 4, 2014, Defendants filed a *Motion to Dismiss* (Docket No. 24) asserting that Plaintiff's claims were time barred and that the doctrine of res judicata precludes Plaintiff from re-litigating a matter already adjudicated on its merits.

On January 9, 2015, Plaintiff filed its opposition (Docket No. 31) contending, *inter alias*, that the ruling entered by the Secretary of Adjudicative Procedures at the Health Insurance Administration of Puerto Rico ("ASES," by its initials in Spanish) was not an adjudication on the merits. Additionally, Plaintiff argues that its breach of contract claims are not time barred, as its cause of action is governed by a fifteen year statute of limitations.

On January 26, 2015, Defendants filed a *Reply to Memorandum in Opposition to Motion to Dismiss* (Docket No. 34) emphasizing that Plaintiff's failure to prosecute its claims at the administrative level for almost two years precludes them from raising the same claims once again at the federal level. Defendants further aver that the three-year limitations period established by Article 1867 governs the parties' dispute, as Plaintiff does not contest that it is an apothecary.

2

## II.   MOTION TO DISMISS STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting *Twombly*, 550 U.S. at 555) (citation omitted).  Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a).  *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action.  *See Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with

3

only conclusory statements).  First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action.  *Iqbal*, 556 U.S. at 678.  "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. 678) (quoting *Twombly*, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679.  This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679

4

(quoting Fed. R. Civ. P. 8(a)(2)).  Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation."  *Id.* at 679-80 (citing *Twombly*, 550 U.S. at 567).  "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."  *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. 679).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Iqbal*, 556 U.S. 679); *see Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'").  Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596; *see Iqbal*, 556 U.S. at 681 ("To be clear, we do not reject [] bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen[] out rhetoric masquerading as litigation."). However, merely parroting the elements of a cause of action is insufficient. *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009)).

The First Circuit recently outlined two considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the

claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

### III.   DISCUSSION

#### *A. Res Judicata*

Under the doctrine of res judicata, "a final judgment on the merits precludes parties from relitigating claims that were or could have been brought in a prior action." *Universal Ins. Co. v. Office of Ins. Com'r*, 755 F.3d 34, 37-38 (1st Cir. 2014)("A federal court must give preclusive effect to a state-court judgment if the state court would.")(internal citations omitted). Because the Court is tasked with deciding "the res judicata effect of a state court judgment in a federal court," Puerto Rico law governs our analysis. *Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir. 2000). In order to determine whether res judicata precludes litigation of a party's claims, a three prong test must be satisfied. The elements of this test are: 1) a final judgment on the merits in an earlier suit; 2) perfect identity between the causes of action asserted in the earlier and later suits; and 3) perfect identity between the

7

parties in the two suits.  *See* 31 L.P.R.A. § 3343; *Universal Ins. Co.*, 755 F.3d at 38; *Boateng v. InterAmerican University, Inc.*, 210 F.3d 56, 61-62 (1st Cir. 1994).

The term "perfect" has not been read literally by state courts in Puerto Rico, holding instead that in order to establish the perfect identity of the parties the movant must demonstrate that the parties in both the current and prior causes of action were the same or in privity with each other.  *See Boateng*, 210 F.3d at 61-62; *Milan v. Centennial Communications Corp.*, 500 F. Supp. 2d 6, 13 (D.P.R. 2007)(citing *Partido Independentista Puertorriqueño v. Comision Estatal de Elecciones*, 120 D.P.R. 580,605, 20 P.R., Offic. Trans. 607, 632, 1988 WL 580845 (1988)).

Res judicata applies to administrative decisions in certain situations. *See Universal Ins. Co.*, 755 F.3d at 38. "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *Id.* (citing *Pagán Hernández v. Univ. of P.R.*, 7 P.R. Offic. Trans 795, 804, 107 D.P.R. 720 (1978); *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3, 7 (1st Cir. 1992)).  Hence, "decisions of administrative agencies are entitled to res judicata effect when the agency acted in a judicial capacity." *Aunyx Corp.*, 978 F.2d at 7.

Nevertheless, Puerto Rico has delineated a public policy exception to the applicability of res judicata in situations

8

involving a dismissal for lack of prosecution. *See Universal Inc. Co*., 755 F.3d at 39 (quoting *Nunez Colon v. Toledo-Davila*, 648 F.3d 15, 20 (1st Cir. 2011)); *see also Banco de la Vivienda de Puerto Rico v. Carlo Ortiz*, 130 D.P.R. 730, 739 (1992)(holding that res judicata shall not be automatically applied to prior judgments that were dismissed for lack of prosecution); *Bonafont Solis v. Am. Eagle*, 143 D.P.R. 374, 1997 P.R.-Eng. 423 (1997). The underlying rationale for this exception is that cases ought to be decided on the merits. *See Banco de la Vivienda de Puerto Rico*, 130 D.P.R. at 739.

In the instant case, Teamcare filed an administrative complaint with the Puerto Rico Health Insurance Administration (Docket No. 29-2) alleging that Defendants breached the terms of the Agreement by failing to pay outstanding claims for specialty pharmacy services provided between October 2009 and July 2010. Apart from filing the complaint and attending to various perfunctory matters, Teamcare failed to file any other pleadings at the administrate proceeding. As a result, the administrative complaint was dismissed on November 1, 2013 for lack of prosecution. The hearing officer did not analyze Teamcare's complaint on the merits, but simply stated that the record reflected procedural inactivity dating back to July 25, 2011.

Although the Court is convinced that all of the requisite res judicata elements are present here, it is nevertheless hard-pressed to given preclusive effect to an administrate judgment dismissing

the petition for lack of prosecution.[1]    Because public policy
mandates that cases ought to be decided on the merits, the Court
hereby declines to provide preclusive effect to the judgment
entered by the Puerto Rico Health Insurance Administration,
particularly given the fact that there seems to exist a genuine
breach of contract dispute amongst the parties.  *See Banco de la
Vivienda de Puerto Rico*, 130 D.P.R. at 739.[2]

Accordingly, the Court hereby **DENIES** Defendants' *Motion to
Dismiss* (Docket No. 24) on res judicata grounds.

### B. Statute of Limitations

Defendants next argue that Plaintiff's claims are time barred,
as the three-year statute of limitations established by Article
1867 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5297, governs
the breach of contract dispute.  Article 1867 provides, in part,
that all breach of contract actions "for payments to apothecaries
for medicines which they have supplied" are subject to a three-year
statute of limitations.  Defendants thus contend that Teamcare is
an apothecary, as it provided pharmaceutical goods and services to
enrolled insurance members of the Defendants.  They further argue
that service contracts are also governed by Article 1867.
Conversely, Plaintiff claims that Article 1867 is inapplicable to a

---

[1]   The Court notes that there is: (1) a final judgment on the merits in the
earlier administrative proceeding; (2) perfect identity between the causes of
action asserted in the earlier and later suits; and (3) perfect identity
between the parties in the two suits.  Furthermore, the Court finds that the
administrative proceeding is of the type covered for res judicata purposes,
as the Puerto Rico Health Insurance Administration was acting in an
administrative capacity.  *See Universal Ins. Co.*, 755 F.3d at 38.

[2]   Plaintiff is alleging damages in the amount of $130,814.97, plus interest.

written service agreement with a health insurer to provide services to the health insurer's members. Plaintiff further posits that providing medication to Defendants' insured was only part of the services it provided, thereby precluding the applicability of Article 1867.

In its complaint, Plaintiff seeks $130,814.97 in damages plus statutory interest pursuant to 42 C.F.R. § 405.378. According to Plaintiff, it "provided pharmaceutical goods and services for insured members of Defendants from October 2009 through July 2010 for which Defendants were responsible for payment of claims submitted to Defendants concerning such goods and services." *See* Docket No. 1 at 4. 31 L.P.R.A. § 5297(2) provides that "payments to apothecaries for medicines which they have supplied" shall prescribe in three (3) years. An apothecary is commonly known as a pharmacist. *See* Webster's Encyclopedic Unabridged Dictionary of the English Language Usage (Gramercy Books, 1996 ed.). From the allegations contained in the complaint, one can reasonably ascertain that Teamcare is an apothecary covered under Article 1867, as they provide pharmaceutical goods and services to its customers. As such, the three years statute of limitations governs the parties' dispute regarding the nonpayment of the goods supplied by Plaintiff to Defendants' insured.

In a similar fashion, Article 1867 also governs the parties' dispute with regards to the "services" rendered by Teamcare to Defendants' insured. The Supreme Court of Puerto Rico has

11

repeatedly held that claims for services rendered are also governed under the three years limitations period enumerated in 31 L.P.R.A. § 5297. *See Culebra Enterprises Corp. v. E.L.A.*, 127 D.P.R. 943, 950 (1991); *Campos v. Cia. Fom. Ind.*, 153 D.P.R. 137, 144-145 (2001). The collection of monies for services rendered by real estate brokers, judges, attorneys, professors, physicians, and **apothecaries** are all subject to the three years limitations period. *See Melendez Guzman v. Berrios Lopez*, No. JAC20000560, 2007 WL 1577934, at *9 (P.R. Cir. Mar. 28, 2007) aff'd, 2008 TSPR 3 (P.R. Jan. 16, 2008).

In the case at bar, Plaintiff readily admits that the contract in dispute was terminated on July 2010, meaning that Plaintiff had until July 2013 to file suit. Because the instant case was initiated on October 1, 2014, Defendants argue that Plaintiff's claims are time barred. However, the Court is concerned that the three-year limitations period was tolled as a result of the filing of the administrative complaint before the Puerto Rico Health Insurance Administration. Therefore, before making a final determination on whether Plaintiff's claims are time barred, the Court hereby orders the parties to brief the Court on the issue of equitable tolling. The briefs shall be filed by no later than Monday, September 14, 2015 at 6:00 PM. As such, Defendants' *Motion to Dismiss* (Docket No. 24) regarding the timeliness of the complaint is hereby **HELD IN ABEYANCE** pending briefing from the parties on the issue of equitable tolling.

**IV.   CONCLUSION**

For the aforementioned reasons, the Court hereby **DENIES IN PART AND HOLDS IN ABEYANCE IN PART** Defendants' *Motion to Dismiss* (Docket No. 24).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of September, 2015.

/s/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ
U.S. District Judge